# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JENNIFER O. BROWN, | |
| Plaintiff, | No. C19-3041-LTS |
| vs. | |
| WELLS FARGO BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., and SAYER LAW GROUP PC, | **ORDER** |
| Defendants. | |

## *I.  INTRODUCTION*

This case is before me on a motion (Doc. No. 9) to dismiss by defendant Sayer Law Group PC (Sayer). Plaintiff Jennifer Brown has filed a resistance (Doc. Nos. 13, 14). I find that oral argument is not necessary. *See* Local Rule 7(c).

## *II.  FACTUAL ALLEGATIONS*

Brown alleges violations of the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA) and Iowa Debt Collection Practices Act (IDCPA). *See* Doc. No. 1 at 1. She alleges that on September 17, 2012, she and her ex-husband executed a note in favor of defendant Wells Fargo, N.A. (Wells Fargo) and a mortgage to secure the note. *Id.* at 5. She and her ex-husband defaulted on the note following a failure to make monthly payments as required under the note and mortgage. *Id.* at 6. Wells Fargo retained Sayer, a law firm specializing in third-party debt collection. *Id.*

On August 20, 2018, Sayer sent Brown a Demand for Payment letter,[1] requiring Brown to tender payment of an accelerated balance of $46,382.62 within 14 days. *Id*. Brown alleges the letter identified Sayer as a debt collector attempting to collect a debt on behalf of Wells Fargo. *Id*. A Dispute and Validation Notice was attached to the letter asserting that Brown owed $45,354.78 plus accruing interest, fees, costs and attorney's fees. It gave Brown 30 days to dispute the validity of the debt owed to Wells Fargo, which Brown alleges directly contradicts the previous remark that Brown owed the accelerated balance within 14 days. She alleges the language in the letter overshadows and contradicts her 30-day validation rights under the FDCPA and that the accelerated balance in the Demand for Payment letter overshadows and contradicts the amount listed in the Dispute and Validation Notice.[2] *Id.* at 7.

Brown alleges that Sayer violated multiple provisions of the FDCPA (Count IV) including: (a) falsely represented the character, amount or legal status of a debt, (b) used a threat of action that could not legally be taken; (c) used false representations in an attempt to collect a debt; (d) used unfair or unconscionable means in an attempt to collect a debt; (e) unfairly or unconscionably attempted to collect a debt that was not permitted by law and (f) overshadowed Brown's rights stated in the Dispute and Validation Notice. Doc. No. 1 at 12-13. She also alleges that Sayer violated the IDCPA (Count V) by: (a) taking an action prohibited by Iowa Code § 537.7103 or any other law and (b)

---

[1] This letter is referenced in the complaint but not attached to it. Sayer attached the letter and other foreclosure-related documents to its motion to dismiss. *See* Doc. No. 9-1. Brown cited and relied on these documents in her resistance. *See* Doc. No. 14. I find the documents are necessarily embraced by the pleadings and will consider them for purposes of Sayer's motion to dismiss. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (noting that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," may be considered in deciding a Rule 12 motion to dismiss (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003))).

[2] *See* 15 U.S.C. § 1692g ("Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.").

misrepresenting the character, extent or amount of a debt, or of its status in a legal proceeding. *Id*. at 14.

### III. APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting

*Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In considering a Rule 12(b)(6) motion to dismiss, ordinarily the court "cannot consider matters outside the pleadings without converting the motion into a motion for summary judgment." *McMahon v. Transamerica Life Ins.*, No. C17-149-LTS, 2018 WL 3381406, at *2 n.2 (N.D. Iowa July 11, 2018); *see* Fed. R. Civ. P. 12(b)(6). On the other hand, when a copy of a "written instrument" is attached to a pleading, it is considered "a part of the pleading for all purposes," pursuant to Federal Rule of Civil Procedure 10(c). Thus, when the pleadings necessarily embrace certain documents, I may consider those documents without turning a motion to dismiss into a motion for summary judgment. *Id.* These documents include "exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

When a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within 21 days. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, when a motion to dismiss highlights deficiencies in a pleading that can be cured by amendment, the pleader has an automatic opportunity to

do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include:

> whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.

*Meighan v. TransGuard Ins. Co. of Am.,* 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

## IV.   ANALYSIS

Sayer argues Brown fails to state a claim against it because it is not a "debt collector" subject to the FDCPA or IDCPA. *See* Doc. No. 9 at 1. It relies on *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1031 (2019), in which the Supreme Court held that "those whose 'principal purpose . . . is the enforcement of security interests'" fall "outside the scope of the primary 'debt collector' definition, § 1692a(6), where the business is engaged in no more than the kind of security-interest enforcement at issue here – nonjudicial foreclosure proceedings." Sayer acknowledges that *Obduskey* was confined to nonjudicial foreclosures but argues that the Court distinguished the two types of foreclosure proceedings based on whether a deficiency judgment is at issue. *See* Doc. No. 10 at 2. It points out that in pursuing foreclosure against Brown, Wells Fargo waived any claim to a deficiency or to the collection of any monies against her. *See* Doc. No. 9-1 at 2, ¶ 3 ("Plaintiff waives its right to a deficiency judgment against all defendants and is seeking a judgment solely *in rem* or against the property."). Sayer cites two Ninth Circuit Court of Appeals cases for the proposition that the waiver of a deficiency judgment compels a finding that foreclosure attorneys are not "debt collectors under the FDCPA." Doc. No. 10 at 2-3.[3] Sayer argues that Brown's claims against it must be

---

[3] Sayer cites each case twice, for some reason. Doc. No. 10 at 2-3.

dismissed because it is not a debt collector as defined under the FDCPA or the IDCPA, but was merely enforcing a security interest through its foreclosure action.

Brown disagrees that Sayer was only enforcing a security interest when it sent the Demand for Payment letter. *See* Doc. No. 14 at 1. Brown argues that unless the conduct in question follows necessary "antecedent steps required under state law" in enforcing a security interest, the entity is a debt collector. Doc. No. 14 at 4 (quoting *Obduskey*, 139 S. Ct. at 1039). She notes the District of Nebraska made this distinction in *Sevela v. Kozeny & McCumbbin, L.C.*, 8:18CV390, 2019 WL 2066924 (D. Neb. May 2, 2019).

In *Sevela*, the court found that the defendant law firm was a debt collector because the letter it sent constituted more than security-interest enforcement. *Sevela*, 2019 WL 2066924, at *4. The court reasoned that the letter "was not required by Nebraska nonjudicial foreclosure law and went beyond providing FDCPA disclosures by misstating who could assume the debt valid if not disputed within thirty days." *Id*. The only requirement was for the trustee to file a notice of default upon commencement of a nonjudicial foreclosure. *Id.* at *5.

Brown also distinguishes *Obduskey* on two grounds. First, she notes that Iowa is a judicial foreclosure state, whereas *Obduskey* involved a nonjudicial foreclosure. *See Obduskey*, 139 S. Ct. at 1034. She contends *Obduskey* did not provide any guidance on judicially enforced mortgages. *See id.* at 1039 ("whether those who judicially enforce mortgages fall within the scope of the primary definition [of a debt collector] is a question we can leave for another day."). Second, the Court applied the security interest enforcement exemption in *Obduskey* because the conduct in question was a requirement of the foreclosure process. *Id*. ("given that we here confront only steps required by state law, we need not consider what *other* conduct (related to, but not required for, enforcement of a security interest) might transform a security-interest enforcer into a debt collector subject to the main coverage of the Act."). Here, Brown notes there are two antecedent steps to filing a foreclosure petition in Iowa. *See* Doc. No. 14 at 4. First, Iowa Code § 654.2D requires the lender to send the debtor a notice of default and right

to cure default within 30 days. Second, the lender "shall inform the debtor of the availability of counseling and [mortgage] mediation . . ." pursuant to Iowa Code § 654.4B.

Brown argues that, as in *Sevela*, Sayer's Demand for Payment letter was not required by law to foreclose on Brown's residence. In other words, it was not a necessary "antecedent step" required under Iowa law. *See Obduskey*, 139 S. Ct. at 1039. Brown adds that the purpose of sending such a letter is to secure payment of attorney fees in the event of a foreclosure proceeding.[4] It is not a mandated component of the enforcement of a security interest. *See* Doc. No. 14 at 5.

Brown argues Sayer meets the definition of a debt collector pursuant to 15 U.S.C. § 1692a(6). She notes it holds itself out as such on its website, even stating it "specializes in third-party collection services." *Id.* She argues the clear intent of Sayer's Demand for Payment letter was to collect a debt. The letter states in part:

> The undersigned is a debt collector attempting to collect a debt, and any information will be used for that purpose. However, if you have had your debt discharged in bankruptcy and you did not reaffirm your loan in your bankruptcy case, Wells Fargo Home Mortgage will only exercise its right as against the property and is not attempting to assess or collect the debt from you personally. You are further advised that unless you notify the undersigned in writing within 30 days of your receipt of this notice that you dispute the validity of the amount owed to Wells Fargo Home Mortgage or any portion thereof, the debt will be assumed to be valid.

*Id.* at 6. Brown also argues that the Dispute and Validation Notice attached to the letter confirms Sayer's debt collector status as such a notice is required "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . ." and includes several required components. *See* 15 U.S.C. § 1692g(a).

---

[4] *See* Iowa Code § 654.4B ("Prior to commencing a foreclosure on the accelerated balance of a mortgage loan and after termination of any applicable cure period, including but not limited to those provided in section 654.2A or 654.2D, a creditor shall give the borrower a fourteen-day demand for payment of the accelerated balance to qualify for an award of attorney fees under section 625.25 on the accelerated balance.").

7

Because Sayer relies primarily on *Obduskey*, I will focus on that case. The Court reasoned that a business principally involved in the enforcement of security interests is not a debt collector (except "[f]or the purpose of section 1692f(6)") based primarily on the language of the FDCPA itself. *See Obduskey*, 139 S. Ct. at 1036-37. It noted that the term "debt collector" is defined in the first sentence of § 1692a(6) as "any person . . . in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Court referred to this first sentence as the primary definition. *Obduskey*, 139 S. Ct. at 1035-36. The third sentence, which it referred to as the "limited purpose" definition, states: "For the purpose of section 1692f(6) [the] term [debt collector] *also* includes any person . . . in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6) (emphasis added). The Court reasoned that the term "also" meant that the "debt-collector-related prohibitions of the FDCPA (with the exception of § 1692f(6)) do *not* apply to those who, like McCarthy, are engaged in no more than security-interest enforcement." *Obduskey*, 139 S. Ct. at 1037 (emphasis in original). The Court also found that this interpretation avoided conflicts with state nonjudicial foreclosure schemes and was supported by the legislative history. *Id*. at 1037-38.

Many courts have declined to extend *Obduskey* to judicial foreclosures, noting that the availability of a deficiency judgment against the debtor is a remedy that is typically not available in nonjudicial foreclosures. *See Lloyd v. Pluese, Becker, & Saltzman, LLC*, Civil No. 18-9420 (RMB/AMD), 2019 WL 6113859, at *2 (D.N.J. Nov. 18, 2019) ("Whether or not [defendant] is correct that judicial foreclosures are 'more protective' of debtors, the critical distinction . . . is the availability of a deficiency judgment against the debtor in judicial foreclosures."); *Flowers v. Baltax 2017, LLC*, CIVIL NO. JKB-19-0618, 2019 WL 3501584, at *4 (D. Md. Aug. 1, 2019) (concluding *Obduskey* did not mandate dismissal of plaintiff's FDCPA claims because nothing in *Obduskey*'s holding concerned the applicable *judicial* enforcement of security interests); *Berg v. McCalla*

8

*Raymer Leibert Pierce, LLC*, No. 19C5113, 2019 WL 5592720, at *4 (N.D. Ill. Oct. 30, 2019) (noting that *Obduskey* does not apply to judicial foreclosures and concluding that a judicial foreclosure action qualifies as debt collection under the FDCPA); *Gold v. Shapiro, Dicaro & Barak, LLC*, 18-CV-6787 (PKC) (SJB), 2019 WL 4752093, at *6 (E.D.N.Y. Sept. 30, 2019) (concluding *Obduskey* does not apply to judicial foreclosures and relying on Second Circuit precedent that New York foreclosure proceedings constitute debt collection under the FDCPA based, in part, on the availability of obtaining a deficiency judgment). The Second Circuit has rejected the argument that the purpose of foreclosure proceedings in New York is merely to enforce a security interest and obtain possession of property rather than obtain payment on a debt. *See Cohen v. Rosicki, Rosicki & Associates, P.C.*, 897 F.3d 75, 83 (2d Cir. 2018). The court noted that New York law gives mortgagors redemption rights and allows mortgagees to obtain deficiency judgments. *Id.* It concluded "[t]hese provisions indicate that the purpose of foreclosure is to obtain payment on the underlying loan, rather than mere possession of the subject property." *Id.* It concluded that mortgage foreclosure under the circumstances (a judicial foreclosure) constitutes debt collection. *Id.* at 82-84, n.7.

The cases cited by Sayer involve nonjudicial foreclosures under Nevada and California law. *See Dowers v. Nationstar Morg., LLC*, 852 F.3d 964, 967 (9th Cir. 2017); *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 570 (9th Cir. 2016). The court in *Dowers* relied on *Ho* and explained that "the inability under California law to obtain a deficiency judgment following non-judicial foreclosure was integral to [its] conclusion that ReconTrust's actions taken to facilitate a non-judicial foreclosure were not attempts to collect debt." *Dowers*, 852 F.3d at 970, n.2 (citing *Ho*, 840 F.3d at 621). The court noted that Nevada law would have similarly prohibited the defendant from obtaining a deficiency judgment against plaintiff had it non-judicially foreclosed on the property. *Id.*

In *Obduskey*, the Supreme Court explained that in nonjudicial foreclosure states, creditors are often prevented from obtaining deficiency judgments and, in some states,

pursuing nonjudicial foreclosure bars or curtails a creditor's ability to obtain a deficiency judgment altogether. *Obduskey*, 139 S. Ct. at 1034. Since *Dowers,* the Ninth Circuit has stated that its decision in *Ho* does not preclude FDCPA liability for an entity that seeks to collect a debt through a judicial foreclosure scheme that allows for deficiency judgments. *See McNair v. Maxwell & Morgan PC*, 893 F.3d 680, 683 (9th Cir. 2018). The *McNair* court concluded that the defendant law firm acted as a debt collector under the FDCPA in collecting unpaid homeowner association assessments and charges through judicial foreclosure proceedings. *Id.* at 681-82.

Here, Wells Fargo was not prohibited by law from seeking a deficiency judgment, but voluntarily waived its right to do so. While some courts have concluded that FDCPA's protections are not triggered by judicial foreclosures that are solely against the property, *see Boyd v. J.E. Robert Co.*, No. 05-CV-2455 (KAM)(RER), 2012 WL 4718723, at *17 (E.D.N.Y. Oct. 2, 2012), the relevant conduct here concerns the Demand for Payment letter, not the filing of the foreclosure action. Moreover, the Demand for Payment letter was sent *prior* to the filing of the foreclosure petition and, as noted by Brown, was not a necessary antecedent step under Iowa law. *See* Doc. No. 9-1 (showing foreclosure petition filed September 14, 2018 and Demand for Payment letter dated August 20, 2018). Therefore, I do not find that waiver of the right to a deficiency judgment is material to the matter at hand.

Sayer has not demonstrated that it is not a debt collector under the FDCPA as a matter of law under *Obduskey* or any other precedent. As such, I decline to dismiss Counts IV and V against it on this basis.

## V. CONCLUSION

For the reasons stated herein, defendant Sayer's motion (Doc. No. 9) to dismiss is **denied**.

**IT IS SO ORDERED.**

**DATED** this 7th day of January, 2020.

_____
Leonard T. Strand, Chief Judge